IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.:

| | |
|---|---|
| D.T., individually and on behalf of, minor child A.T., <br>     Plaintiffs, <br><br><br> Discovery Charter School, <br><br>     Defendant. | **COMPLAINT** |

## I.    PRELIMINARY STATEMENT

1. This action is brought by Danielle Thomas ("D.T.") and her minor child, A.T. ("Plaintiffs") to require Discovery Charter School to pay attorneys' fees and costs following their successful administrative hearing pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA") and North Carolina law.

## II.    PARTIES

2. Plaintiffs D.T. and her minor child, A.T., are residents of Durham County, the Defendant's judicial district.

3. D.T. is the mother of A.T. She does not have a background in education.

4. A.T. is a child with a disability as defined by the IDEA. A.T. has been diagnosed with Oppositional Defiance Disorder ("ODD"), Attention Deficit Hyperactivity Disorder-Combined Type ("ADHD"), Anxiety and Depression. A.T. has an individualized education program ("IEP") under the categories of Specific Learning Disability and

1

Autism. A.T.'s multiple disabilities impact his ability to make progress in the educational environment.

5. Defendant is a public school district located in Durham County, North Carolina. Defendant's administrative offices are located at 501 Orange Factory Road, Bahama, North Carolina, 27503.

### III. JURISDICTION AND VENUE

6. This claim arises under the IDEA 20 U.S.C. §§ 1400 *et seq.*, 34 C.F.R. Part 300, N.C. Gen. Stat. §§ 115C-109.6 *et seq.*, and Article 3 of Chapter 150 B of the North Carolina General Statutes. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 and 20 U.S.C. §§ 1415(i)(3)(A).

7. This court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. North Carolina's state special education law, N.C. Gen. Stat. § 115C-106 *et seq.*, must be consistent with the IDEA.

8. Venue in this district is proper under 28 U.S.C. § 1391(b) because Plaintiffs reside in this judicial district, and Defendant is a public school district whose administrative offices are in this judicial district.

9. Plaintiffs, through counsel, filed their original Petition for a Contested Case Hearing in the North Carolina Office of Administrative Hearings ("OAH") on April 5, 2024. Plaintiffs filed a second petition on May 2, 2024, and the cases were consolidated.

10. Prior to the commencement of the administrative hearing, the parties engaged in extensive discovery, multiple motions and mediation.

11. The administrative hearing took place on September 10-13, 2024, September 16, 2024 and September 30, 2024. The parties argued motions on October 2, 2024. The six-day

2

Case 1:25-cv-00415-TDS-JEP    Document 1    Filed 05/22/25    Page 2 of 7

hearing was in-person with four hearing dates held at the Durham County Courthouse in Durham County, North Carolina and two dates held at the North Carolina Office of Administrative Hearings in Wake County, North Carolina.

12. The administrative hearing required twenty-one (21) witnesses, three (3) who were qualified as expert witnesses. Over one hundred (100) exhibits were admitted to the record. Plaintiffs initially filed fifty-one exhibits. Defendants initially submitted fifty-five exhibits. There were twenty-nine stipulated exhibits. The record for this hearing consisted of more than 1500 pages of testimony.

13. Following the hearing, the parties provided the administrative law judge ("ALJ") with Proposed Decisions. Plaintiff drafted an eighty-four page proposed decision.

14. On February 25, 2025, the ALJ ruled in favor of the Plaintiffs on finding that Defendant failed to provide A.T. with a free appropriate public education ("FAPE") and failed to implement the IEPs with integrity. The ALJ further found that Plaintiffs are entitled to compensatory services and related travel costs.

15. Because Plaintiffs were the prevailing party in the administrative review, they are entitled to reasonable attorneys' fees and costs. *See* 20 U.S.C. § 1415(f)(1)(B)(iii)(II).

16. The Children's Law Clinic at Duke University School of Law is a law school clinic and non-profit dedicated to representing low-income children and families in special education matters. The Children's Law Clinic is staffed by two experienced licensed attorneys and clinical professors of law, Crystal Grant and Peggy Nicholson.

17. Crystal Grant, JD, MSW, is the director of the Children's Law Clinic. Ms. Grant has practiced special education law for fifteen years both in Michigan and North Carolina. As a full-time law school professor, Ms. Grant teaches special education law, supervises law

students and serves as a leader in the field. Ms. Grant regularly conducts trainings on special education law for community members including parents, medical providers and advocacy organizations. Ms. Grant's hourly rate is $450.00, which is a reasonable hourly rate for an attorney and legal expert with experience in this highly nuanced area of law.

18. Peggy Nicholson, JD, is the supervising attorney in the Children's Law Clinic. Ms. Nicholson has practiced education law for thirteen years in North Carolina. As a practicing attorney, and now as a supervising attorney in the Clinic, she has represented hundreds of families in cases involving their children's education rights, including special education matters. In addition to supervising certified student attorneys on special education matters, Ms. Nicholson teaches special education and children's law courses at the law school. Ms. Nicholson's hourly rate is $350.00, which is a reasonable hourly rate for an attorney and legal expert with experience in this highly nuanced area of law.

19. William Knight is a recent graduate of Duke University School of Law. At the time of the contested hearing, Mr. Knight was a third-year law student enrolled in the Advanced Children's Law Clinic. In May 2025, Mr. Knight received a Certificate in Public Interest and Public Service Law from Duke Law. As a certified student attorney, Mr. Knight received permission from the State Bar of North Carolina to practice law during his enrollment in the Children's Law Clinic. Mr. Knight's hourly rate is $100.00 which is a reasonable hourly rate for non-attorney legal staff.

20. The Children's Law Clinic spent significant time litigating in the underlying administrative hearing from April 2024 to present. The representation included reviewing lengthy school and medical records, advising Plaintiffs, negotiating with Defendant, engaging in discovery, drafting and filing pleadings, attending six (6) days of hearing,

4

Case 1:25-cv-00415-TDS-JEP     Document 1     Filed 05/22/25     Page 4 of 7

briefing prehearing motions and filing a Proposed Decision. The clinic continues to work on this case to enforce the ALJ's Final Decision regarding compensatory education and fees as the prevailing party.

21. As a nonprofit representing indigent clients, the Children's Law Clinic does not charge its clients a retainer upon accepting a case for representation. Instead, the clinic agrees to seek fees when a client prevails on a matter.

## IV. CAUSES OF ACTION

### Attorney's Fees and Costs under the IDEA

22. Plaintiffs incorporate the preceding paragraphs as if set forth in full herein.

23. Plaintiffs are the prevailing parties under the IDEA's fee-shifting statute and case law and are therefore entitled to reasonable legal fees. 20 U.S.C. § 1415(i)(3).

24. The ALJ found Plaintiffs to be the prevailing party in the underlying matter. (Attachment 1).

25. The United States Supreme Court has long held that nonprofit legal service organizations are entitled to recover their fees at market rate, even when the services are provided free of charge. *Blum v. Stenson*, 465 U.S. 886, 104 S.CT. 1541, 79 L.Ed.2d 891 (1984).

26. The Children's Law Clinic seeks fees in the amount of **$91,352.10** for attorney's fees and expenses in connection with the underlying administrative action as well as additional fees and costs associated with this action.

27. The Children's Law Clinic has used discretion in billing and waived fees related to the services provided by Mr. Knight. (Attachment 2). The requested fees are reasonable in light of the length and complexity of the administrative matter. Time sheets are submitted

in support of the hours spent in this case. (Attachment 3). Invoices are submitted in support of the costs of discovery incurred by the clinic. (Attachment 4).

28. Plaintiffs submit the Affidavits of Crystal Grant, Peggy Nicholson, Keith Howard and Carla Fassbender and the Declaration of Stacey Gahagan regarding the experience and rate of attorney's fees for Crystal Grant and Peggy Nicholson. (Attachment 5).

29. Plaintiffs have not received a response from Defendant after submitting an invoice for payment of fees on May 9, 2025.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

30. Order Defendant to pay **$91,352.10** in attorney's fees and expenses to Duke University School of Law- Children's Law Clinic;

31. Order Defendant to pay fees and costs for the time the Children's Law Clinic has spent and continues to spend to recover fees;

32. Order pre and post judgment interest;

33. Order any other relief deemed just and proper.

This 22nd day of May 2025.

BY:

THE CHILDREN'S LAW CLINIC

_____
Peggy Nicholson, JD
Attorney for Plaintiff
NC Bar #43099

6

Duke University School of Law
Box 90360
Durham, NC 27708-0360
peggy.d.nicholson@duke.edu